ELLING, Appellant,

v.

GRAVES et al., Appellees.

[Cite as *Elling v. Graves* (1994), 94 Ohio App.3d 382.]

Court of Appeals of Ohio,
Lucas County.

No. L–93–132.

Decided April 15, 1994.

*Wesley M. Miller, Jr.,* for appellant.

*Robert G. Quandt,* for appellees.

Melvin L. Resnick, Judge.

This is an appeal from an April 13, 1993 judgment of the Lucas County Court of Common Pleas which granted appellees' motion for summary judgment.

Plaintiff-appellant, Peter J. Elling, and Kathleen Elling were divorced in 1991. During the course of the divorce proceedings, the domestic relations court determined that, for the purpose of deciding child custody and visitation issues, appellant, Kathleen and their two minor children should undergo psychological evaluations. The court provided the litigants with a list of possible evaluators. The parties agreed to the appointment of appellees, Wayne J. Graves, Ph.D., and Clinical Psychologists & Associates, Inc. ("appellee"), who was then appointed by order of the court to perform the psychological evaluations.

Appellee provided a written report and testimony setting forth the results of the evaluations and his opinions on the psychological condition of the parties and their minor children. Kathleen was awarded custody of the children; appellant's request for visitation and companionship rights was denied.

On May 7, 1992, appellant commenced the present lawsuit. In his complaint, he asserted several theories of recovery. In Count I, appellant contended that appellee acted in bad faith and "with very limited professional judgment" because he was "grossly negligent in his report findings and in his procedure of facts in his report [of the results of the psychological evaluations] submitted to Lucas County Domestic Relations Court October 17, 1991 as a report of record."

Count II alleged that appellee's report defamed appellant. Count III claimed that the report and testimony of appellee were fraudulent and "created inuendo [sic]" of defamation of appellant. Count IV asserted that the testimony of appellee unduly influenced the domestic relations court to deny appellant the right to visit with his minor children. Count V argued that the report of appellee "falsely misused and misrepsented [sic]" the results of psychological tests performed by appellee. Count V also maintained that appellee "knowingly and willfully misdiagnosed Kathleen Elling and willfully misrepresented her past medical and psychiatric record" to the domestic relations court in his testimony.

Appellee answered and, subsequently, filed a motion for summary judgment. As a basis for his motion, appellee urged that appellant failed to offer any evidence of bad faith, willful misdiagnosis, undue influence or negligence and that his report and testimony were privileged (could not be used as the basis of a civil suit) as a matter of law. Appellee's motion for summary judgment was supported by the affidavit of appellee in which he averred that he did not act in bad faith or negligently, made no defamatory statements with regard to appellant, did not misrepresent or misdiagnose in any of the psychological examinations, committed no fraud, and did not unduly influence the trial court. Appellee further avowed

that the psychological evaluation of appellant, Kathleen and the two minor children "conformed to the suggested guidelines of the American Psychological Association for Forensic Evaluation and the Ohio Psychological Association for Child Custody Evaluation." The motion was also supported by numerous documents from the divorce proceedings.

In his memorandum in opposition to the motion for summary judgment, appellant maintained that appellee "failed to perform within any guidelines of psychological testing." He again relied on appellee's report and testimony as provided in the divorce proceeding as evidence of this allegation.

In support of his memorandum in opposition, appellant filed his own affidavit in which he stated that he relied on appellee to investigate all past medical records and current circumstances and the behavior of the parties and that the testimony of appellee revealed that he "concealed" the medical records of Kathleen Elling.

The affidavit of Robert R. Joynt, Ed.D., was also offered by appellant in support of his memorandum in opposition. Joynt's affidavit states that he administered the Minnesota Multiphasic Personality Inventory and a Rorschach test to appellant and that the results of these psychological evaluations were within acceptable limits. Joynt also states that upon a review of appellee's report, "[t]here seems to be some discripencies [sic ] in the reporting." Specifically, Joynt points out that appellee depicts appellant as "open and direct and relatively revealing with no indication of dishonesty" on one page of his report and later characterizes appellant as, among other things, deceitful, manipulative and not trustworthy on another page.

Appellant also included several documents from his divorce proceedings as materials in support of his memorandum in opposition to the motion for summary judgment.

The trial court granted appellee's motion for summary judgment. Appellant appeals that judgment and asserts the following assignment of error:

"The trial court erred in granting summary judgment since there is genuine issue as to material fact and inferences which may be properly drawn therefrom."

Appellant contends that a genuine issue of material fact exists on the issue of whether appellee failed to perform a thorough and objective psychological evaluation of all parties to the divorce proceeding. He further argues that questions of fact exist on the issue of whether appellee's report and testimony in the proceedings below were fraudulent.

Appellant's assignment of error contests the validity of the grant of the motion for summary judgment. Summary judgment is controlled by Civ.R. 56(C), which states in pertinent part:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

Summary judgment is a method for promptly disposing of actions in which there is no genuine issue of material fact. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 2, 433 N.E.2d 615, 616. The moving party bears the burden of showing that no genuine issue of material fact exists for trial. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Therefore, the moving party is required to "specifically delineate the basis upon which summary judgment is sought * * *." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. Once the moving party sets forth specific reasons for summary judgment, the nonmoving party bears a reciprocal burden to produce evidence on any element essential to his case for which he bears the burden of proof at trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274.

In applying these principles to the instant case, we must first observe that appellant's complaint set forth the legally recognized claims of defamation and fraud (perjury). It also set forth a claim of negligence, which appeared to refer to appellee's report and testimony rather than to any claim of malpractice with regard to appellee's administration of the psychological evaluations.

Having made this determination, we must next determine whether any of the claims raised by appellant are actionable claims.

Ohio courts have long recognized that freedom of speech is essential in a judicial proceeding in order to ascertain the truth and to achieve justice. To assure that all participants in a judicial proceeding feel free to testify, question and act, Ohio courts prohibit civil actions based on statements made by parties and witnesses during the course of and relevant to judicial proceedings. *Willitzer v. McCloud* (1983), 6 Ohio St.3d 447, 448–449, 6 OBR 489, 490–491, 453 N.E.2d 693, 694–695. Thus, as a matter of public policy, claims alleging that defamatory remarks or statements were made during the course of and relevant

to judicial proceedings are barred by the doctrine of absolute immunity. *Id.;* *Erie Cty. Farmers' Ins. Co. v. Crecelius* (1930), 122 Ohio St. 210, 171 N.E. 97. Furthermore, a witness is immune from civil liability for giving false testimony. *Schmidt v. Statistics, Inc.* (1978), 62 Ohio App.2d 48, 16 O.O.3d 85, 403 N.E.2d 1026; *Patterson v. Patterson* (Apr. 14, 1989), Greene App. No. 88–CA–75, unreported, 1989 WL 35881. This ban on civil liability for false statements applies even in cases where the party testifying knew his statements were false. *Stoll v. Kennedy* (1987), 38 Ohio App.3d 102, 526 N.E.2d 821; *Schmidt, supra.*

■ Here, appellant maintained that the defamation and fraud occurred in the report and/or testimony of appellee. The statements made in that report and in appellee's testimony were part of and relevant to a judicial proceeding. Therefore, appellant cannot pursue a civil action based upon any purportedly false or defamatory statements made in that proceeding. Accord *Penn v. Nooney* (Dec. 21, 1989), Cuyahoga App. No. 57717, unreported, 1989 WL 154871.

■ Appellant argues, however, that the affidavit of Robert Joynt creates a question of fact as to whether appellee was negligent in the administration of the psychological evaluations. Although it is doubtful as to whether any of appellant's claims are rooted in negligent interviewing and testing procedures, we shall assume, for the purpose of this appeal, that appellant did make such a claim.

In *Willitzer,* the Supreme Court of Ohio carved out an exception to the general rule of absolute immunity afforded medical examinations made in the course of and relevant to judicial proceedings. The *Willitzer* court held, at the syllabus:

"An independent physician examining workers' compensation claimants at the request of the Industrial Commission of Ohio, for the purpose of reporting their medical conditions, is not absolutely immune from a civil suit based on his examinations, notwithstanding that his report and testimony at an adjudicatory proceeding are privileged under the doctrine of witness immunity."

■ Under *Willitzer,* potential liability for an examining doctor is not predicated on his furnishing testimony at an adjudicatory proceeding or in his submission of a medical report. Rather, that liability is predicated on the manner in which the doctor conducted his examinations for the purpose of preparing the report or giving testimony. *Id.,* 6 Ohio St.3d at 449, 6 OBR at 491, 453 N.E.2d at 695. That is, the doctor can be held liable for damages only on a theory akin to malpractice for failure to conduct an adequate and complete examination. *Id.,* 6 Ohio St.3d at 451, 6 OBR at 492, 453 N.E.2d at 696–697 (Clifford F. Brown, J., concurring).

Appellee stated in his affidavit that his psychological evaluations in this matter conformed to approved psychological evaluation guidelines. Neither appellant's affidavit nor Joynt's affidavit offer specific operative facts to create a question of fact on the issue of whether appellee did not conduct his psychological evaluation of appellant (or the other parties involved in the custody determination) in a proper and adequate manner. Neither affidavit addresses the conduct of appellee in interviewing and administering psychological tests to appellant. Joynt's affidavit merely reports results that he obtained through the administration of two psychological tests and contains a mild criticism of appellee's report—not his conduct in reaching those findings in his report. One cannot infer from the results obtained by Joynt through the administration of psychological tests and evaluative interviews which were not identical to those administered by appellee that appellee's tests were improperly administered. Accordingly, appellant failed to rebut the affidavit of appellee on the dispositive issue in this case. The trial court did not err in granting appellee's motion for summary judgment.[1]

For the foregoing reasons, appellant's single assignment of error is found not well taken.

The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to Peter Elling.

*Judgment affirmed.*

SHERCK and THOMAS F. BRYANT, JJ., concur.

THOMAS F. BRYANT, J., of the Third Appellate District, sitting by assignment.

---

1. In *Penn v. McMonagle* (1990), 60 Ohio App.3d 149, 152, 573 N.E.2d 1234, 1237, this court stated that *Willitzer* stands for the proposition that physicians who are not appointed by a court are to be granted no more than qualified immunity for work conducted outside the court. We adhere to that finding and believe that to achieve the truth-seeking goal inherent in all judicial proceedings, the rule of *Willitzer*, should it survive, must be limited to the particular facts of that case as prescribed by S.Ct.R.Rep.Op. 1(B).