**ELSASS, Appellant,**

v.

**TABLER, Appellee.**

[Cite as *Elsass v. Tabler* (1999), 131 Ohio App.3d 66.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–837.

Decided March 25, 1999.

*Tobias H. Elsass, pro se.*

*Cloppert, Portman, Sauter, Latanick & Foley* and *Robert L. Washburn,* for appellee.

KENNEDY, Judge.

Tobias H. Elsass, plaintiff-appellant, appeals the judgment of the Franklin County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Evalena Tabler.

In 1989, appellant helped prepare a will for appellee's father. Appellee's father died on March 6, 1991, and, during the administration of the estate, appellant served as the attorney for Watson Mayle, Executor of the estate. In May 1997, appellee wrote a letter to the Office of Disciplinary Counsel of the Supreme Court of Ohio, stating that "I have reason to believe that [appellant] has taken

advantage of my father's old age and his mental and physical conditions for his own personal financial gain."

Appellee further stated:

"I know that my father did not have the mental ability to prepare this will and he did not have the ability to comprehend what was written for his signature to be added to. What has occurred is dad had been influenced by my brother Watson Mayle with the legal advice of [appellant]."

Appellee then listed in the letter the reasons supporting her belief that appellant had taken advantage of her father. Appellee concluded her letter by stating: "I am asking that [appellant] be investigated in the manner in which he handled the affairs of the estate of my father, Dycle E. Mayle, who he was hired to represent." In June 1997, appellee's grievance was transferred from the Office of Disciplinary Counsel to the Columbus Bar Association's Certified Grievance Committee for an investigation of appellant's conduct.

On July 16, 1997, appellant filed a complaint against appellee, alleging that he was slandered by appellee. Appellant states in his complaint:

"[Appellee] negligently, knowingly and falsely, with an intent to defame and slander [appellant], communicated to third parties including the Columbus Bar Association and others, defamatory and slanderous information which she knew to be false and which she caused to be published, spoken and written with knowledge that the statements were false and the information was not complete or correct."

Appellant's complaint included a request for $500,000 in damages from appellee.

On October 28, 1997, the Columbus Bar Association filed an amended complaint against appellant with the Board of Commissioners on Grievance and Discipline of the Supreme Court of Ohio. The amended complaint included appellee's allegation that appellant "had engaged in professional misconduct with respect to his preparation of a will for [appellee's] father and the subsequent representation of the estate of the father." The amended complaint also alleged that appellant violated DR 7–102(A)(1) by "filing a suit, asserting a position or taking action knowing that such action would serve merely to harass or maliciously injure another."

Appellee filed a motion to dismiss appellant's defamation complaint pursuant to Civ.R. 12(B)(6). The trial court converted the motion to dismiss into a motion for summary judgment on November 7, 1997. On June 5, 1998, the trial court granted summary judgment in favor of appellee, finding that the "evidentiary materials before the Court show that the conduct of [appellee] * * * is within the scope of an absolute privilege."

Appellant appeals this decision and presents two assignments of error, as follows:

"I. The trial court erred in dismissing the action pursuant to Rule 56.

"II. The trial court erred in determining that the statements of defendant Evalena Tabler were reasonably related to the pending matter."

Appellant argues in his first assignment of error that the trial court erred in granting summary judgment in favor of appellee. In his second assignment of error, appellant contends that the trial court erred in finding that appellee's statements were reasonably related to the Columbus Bar Association's investigation of appellant. Since the issue raised in appellant's second assignment of error is related to whether the trial court erred in granting summary judgment in favor of appellee, we will discuss this issue in conjunction with appellant's first assignment of error.

Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, 203–204. Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129, 1131–1132. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383, 384–385.

Appellant alleged in his complaint that he suffered damages as the result of "the slanderous defamatory actions" of appellee. Appellant claims that the following six statements by appellee were "defamatory and inappropriate":

[1] "I believe [appellant] has taken advantage of my father's old age and his mental and physical condition for his own personal financial gain"; [2] "What has occurred with dad has been influenced by my brother, Watson Mayle, with the legal advice of [appellant]"; [3] "The benefit of [appellant] reporting the property be[ing] worth much less than it actually is would be a personal benefit to himself"; [4] "I feel sure that [appellant] has been made aware of the large estate that my father owned in its entirety"; [5] "What has been reported to the courts and family members to inherit has been substantially reduced to reflect very little remaining"; and [6] "And, most importantly, [appellant] has a docu-

mented past history of being corrupt and unethical in his profession. In the process his actions could be considered criminal."

A review of the above six statements show that they are from the letter written by appellee to the Office of Disciplinary Counsel of the Supreme Court of Ohio dated May 26, 1997.

"A statement made in the course of an attorney disciplinary proceeding enjoys an absolute privilege against a civil action based thereon as long as the statement bears some reasonable relation to the proceeding." *Hecht v. Levin* (1993), 66 Ohio St.3d 458, 613 N.E.2d 585, paragraph two of the syllabus. This privilege includes defamation actions and "is applicable even though the statement may have been made with actual malice, in bad faith and with knowledge of its falsity." *Young v. Jones* (1997), 122 Ohio App.3d 539, 543, 702 N.E.2d 445, 447–448, following *Bigelow v. Brumley* (1941), 138 Ohio St. 574, 21 O.O. 471, 37 N.E.2d 584. "A complaint filed with the grievance committee of a local bar association is part of a judicial proceeding." *Hecht*, paragraph one of the syllabus. The reason why absolute immunity is given to statements made in judicial proceedings is to "assure that all participants in a judicial proceeding feel free to testify, question and act." *Elling v. Graves* (1994), 94 Ohio App.3d 382, 386, 640 N.E.2d 1156, 1159. "Ohio courts have long recognized that freedom of speech is essential in a judicial proceeding in order to ascertain the truth and to achieve justice." *Id.*

In the present case, a review of the six contested statements show that they were made in support of appellee's assertion that appellant acted improperly when he handled the affairs of her father's estate. Since the purpose of appellee's letter was to ask the Office of Disciplinary Counsel to investigate appellant's actions in regards to the handling of appellee's father's estate, we find that appellee's statements had a reasonable relation to the Columbus Bar Association proceedings against appellant. Therefore, appellee enjoys an absolute privilege against appellant's defamation action.

We also note that appellant's complaint states: "COUNT ONE— Slander." Although slander is a form of defamation, slander refers to spoken defamatory words, while libel is generally defined as written or printed defamatory words. *Lawson v. AK Steel Corp.* (1997), 121 Ohio App.3d 251, 256, 699 N.E.2d 951, 954. A review of the record shows that the only evidence of alleged defamatory matter, contained in appellant's memorandum opposing appellee's motion for summary judgment, was appellee's letter to the Office of Disciplinary Counsel. Since the letter is composed of written or printed words, appellee's letter could only give rise to alleged libel and not slander. Therefore, we also find that appellant failed to present sufficient evidence to support his claim of

slander to withstand a motion for summary judgment. See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274.

Accordingly, we find that the trial court did not err in granting summary judgment in favor of appellee. Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

LAZARUS, P.J., and DESHLER, J., concur.