{¶ 64} I concur with the majority's denial of appellant's assignments of error. I disagree, however, with the majority's analysis that appellant's assignments of error should be denied on the basis of absolute immunity. As to this analysis, I respectfully dissent.
 {¶ 65} In its judgment entry, the trial court appropriately found that absolute immunity was not applicable in the instant case pursuant toWilitzer v. McCloud (1983), 6 Ohio St.3d 447, and Elling v. Graves
(1994), 94 Ohio App.3d 382. More specifically, the trial court explained that via Wilitzer the Supreme Court "has carved out an exception to the general rule of absolute immunity afforded medical examinations made in the course of and relevant to judicial proceedings." Accordingly, the trial court found that appellee was not entitled to absolute immunity and denied summary judgment on this basis. The trial court continued with its inquiry and upon applying the elements of medical malpractice ultimately determined that the element of proximate cause was absent. This determination was reached by virtue of appellant's failure to set forth evidence that appellee's examinations were considered or relied upon in the judgment entry of divorce and final shared parenting decree.
 {¶ 66} Despite the trial court's findings, the majority's analysis bases its decision on the theory that appellee is entitled to absolute immunity. To reach this conclusion, the majority needlessly attempts to abolish the exception created by Willitzer and Elling. Such a holding is unnecessary in the case sub judice. The more appropriate basis to deny appellant's assignments of error is on account of a lack of the causation element. Therefore, appellant's assignments of error are without merit based solely upon the absence of proximate cause.
 {¶ 67} For these reasons, I would affirm the trial court's ruling.