OPINION *Page 2 
{¶ 1} Plaintiffs-appellants, Gary and Nancy Wilson, appeal from the May 28, 2008, Judgment Entry of the Ashland County Court of Common Pleas granting summary judgment to defendant-appellee Sears Roebuck and Co.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On or about June 7, 2003, appellant Gary Wilson purchased a furnace from appellee Sears Roebuck and Co. for the sum of $4,479.00. Appellant Gary Wilson paid for the purchase by using his Sears Improvement account.
 {¶ 3} The furnace stopped working on November 29, 2003. On December 4, 2003, appellants contacted appellee Sears and demanded that the furnace be removed and that the contract with Sears be cancelled. In response, appellee Sears mailed a letter to appellants on or about January 20, 2004, indicating that there had been design changes made to the particular model of furnace and that appellee Sears wanted to schedule an appointment to upgrade the equipment. Appellants, on or about February 2, 2004, sent appellee Sears a letter stating that they wanted the furnace removed.
 {¶ 4} Appellee Sears, in a letter to appellants dated April 26, 2004, indicated that the Sears Home Improvement account used to purchase the furnace had been issued by CitiBank USA, N.A.
 {¶ 5} Appellee Sears, as memorialized in a letter to appellants dated May 12, 2004, indicated that "the only option we [Sears] are willing to consider is to upgrade the unit accordingly." Appellee Sears, in such letter, requested appellant to contact Sears to schedule an appointment. *Page 3 
 {¶ 6} Subsequently, Citi Cards, in a letter to appellants dated July 28, 2004, stated, in relevant part, as follows:
 {¶ 7} "We have received your letter dated July 11th
2004 regarding the disputed charges which remain on your Sears account. A credit will not be issued as we maintain our position that you are responsible for the charges in question. Although you may disagree with our decision, we have conducted a thorough investigation of your dispute. We consider this investigation closed, therefore, we respectfully request that additional correspondence or phone calls relating to this dispute be discontinued."
 {¶ 8} Thereafter, on August 19, 2004, appellant Gary Wilson filed suit against appellee Sears in the Ashland Municipal Court seeking cancellation of his contract with Sears for the furnace. After appellee Sears did not file an answer, the Ashland Municipal Court, pursuant to a Judgment Entry filed in Case No. 04-CVH1136 on December 21, 2004, granted appellant Gary Wilson's Motion for Default Judgment against appellee Sears. The trial court, in its entry, ordered that the sales agreement between appellant Gary Wilson and appellee Sears be rescinded and held for naught. The trial court, in its Judgment Entry, also ordered that the Sears Home Improvement Account be cancelled and appellant Gary Wilson "be relieved from all obligations therein . . ."
 {¶ 9} On September 4, 2007, appellants filed the case sub judice against appellee Sears in the Ashland County Court of Common Pleas. Appellants, in their complaint, alleged, in relevant part, as follows: *Page 4 
 {¶ 10} "9. Although furnished with notice of cancellation of the contract and charge account #5049940108106021, Defendant persisted to collect the account which it considered delinquent.
 {¶ 11} "10. Defendant has reported this account to credit agencies as a delinquent charge account which has continued to be reported on the Wilson credit report since 2004 to the present time. See `Exhibit C attached hereto.
 {¶ 12} "11. Contacts by Plaintiffs to the credit reporting companies have been met with resistence and statements to the effect that only Sears Roebuck and Company can remove the claim.
 {¶ 13} "12. Defendant, by its failure to acknowledge the Court decision of cancellation, and by its efforts to collect what is has considered to be a delinquent account, has slandered Plaintiffs' credit rating and make it impossible for Plaintiffs since 2004 to enjoy the excellent credit rating they had before 2004."
 {¶ 14} Appellants sought both compensatory and punitive damages as well as attorney fees and costs. Appellee Sears was served with a copy of the summons and complaint on October 9, 2007.
 {¶ 15} On November 7, 2007, appellants filed a Motion for Default Judgment against appellee Sears. Appellee Sears, on November 13, 2007, filed a "Motion for Leave to File Answer Instanter and Opposition to Plaintiffs' Motion for Default Judgment." Appellee Sears, in its motion, alleged that it had been served at an address in Schaumburg, Illinois that was an auto parts sourcing and distribution center and that, due to the fact that appellee was served at an incorrect address, there "was a mishandling of the Complaint and subsequent inadvertent delay in the process of *Page 5 
notifying Sears legal department of Plaintiffs' suit." Appellee further indicated that its local counsel had not received a copy of the complaint until November 9, 2007. The trial court, pursuant to a Judgment Entry filed on November 13, 2007, granted appellee leave to file its answer instanter and denied appellants' Motion for Default Judgment. The trial court, in a separate Judgment Entry filed on November 27, 2007, overruled appellants' Motion for Default Judgment, indicating that it had "serious concerns" as to whether appellee had been properly served. The trial court noted that appellee was not served at the Nevada address listed on the credit report attached to appellants' complaint.
 {¶ 16} Appellants, on November 30, 2007, filed a Motion to Strike appellee's answer and to schedule a hearing on the Motion for Default Judgment. Appellants, in their motion, argued that the court should strike appellee's answer because there was no proof of excusable neglect.
 {¶ 17} On April 11, 2008, appellee Sears filed a Motion for Summary Judgment. Appellee, in its motion, argued, in part, that there was no evidence that it had reported appellants' delinquent account to any credit agency. Appellee notes that it had sold its entire credit account business to Citibank in November of 2003 and "since then no longer controls those accounts nor engages in attempts to collect on overdue accounts."
 {¶ 18} The trial court, as memorialized in a Judgment Entry filed on April 29, 2008, overruled appellants' Motion to Strike Answer. Pursuant to a Judgment Entry filed on May 28, 2008, the trial court granted appellee's Motion for Summary Judgment. The trial court, in its Judgment Entry, stated, in relevant part, as follows: *Page 6 
 {¶ 19} ". . . the Court finds that the Plaintiffs have failed to establish any connection between any act of placing the debt for the furnace on their credit history and the Defendant in this case, on or after December 21, 2004 when the Ashland Municipal Court relieved them of the obligation to pay the debt. It is absolutely undisputed in this case that the account was sold to and was owned by Citibank USA, N.A. as of December 21, 2004. There is no evidence of any connection between Citibank and Sears, other than the fact that Citibank took over Sears' credit accounts."
 {¶ 20} Appellants now raise the following assignments of error on appeal:
 {¶ 21} "I. THE COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN GRANTING DEFENDANT LEAVE TO FILE AN ANSWER INSTANTER AND IN DENYING PLAINTIFFS' MOTION FOR A DEFAULT JUDGMENT.
 {¶ 22} "II. THE COURT ERRED AS A MATTER OF LAW IN FINDING IN FAVOR OF DEFENDANT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT."
 I {¶ 23} Appellants, in their first assignment of error, argue that the trial court erred in granting appellee leave to file its answer instanter and in denying appellants' Motion for Default Judgment. We disagree.
 {¶ 24} According to Civ. R. 6(B)(2), the trial court has the discretion to permit the filing of a late answer if the motioning party demonstrates excusable neglect. Miller v. Lint (1980),62 Ohio St.2d 209, 214, 404 N.E.2d 752. Civ. R. 6 governs extensions of time and provides, in pertinent part:
 {¶ 25} "(B) Time: extension *Page 7 
 {¶ 26} "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . .
 {¶ 27} "(2) Upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."
 {¶ 28} A court's decision on whether a party's neglect was excusable shall not be reversed absent an abuse of discretion. Marion Prod. CreditAssn. v. Cochran (1988), 40 Ohio St.3d 265, 271, 533 N.E.2d 325. In determining whether neglect is excusable, the court takes all of the surrounding facts and circumstances into consideration. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. In determining whether neglect is excusable or inexcusable, this Court must take into consideration all the surrounding facts and circumstances, and must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds. Marion, supra at 271. "Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ R. 6(B)(2) is less stringent than that applied under Civ. R. 60(B)." State ex rel. Lindenschmidt v. Butler Cty.Bd. of Commrs., 72 Ohio St.3d 464, 466, 1995-Ohio-49, 650 N.E.2d 1343.
 {¶ 29} We find that the trial court did not abuse its discretion in granting appellee's motion for leave to file answer instanter and in thus overruling appellant's Motion for Default Judgment because the trial court's decision was not arbitrary, unconscionable or unreasonable. Appellee filed its motion within a few days of the answer date and six days after appellants' Motion for Default Judgment was filed. In its motion for leave and memorandum in support, appellee Sears alleged that it was served *Page 8 
at an auto parts warehouse in Illinois and that, as a result, there was a "mishandling of the Complaint and subsequent inadvertent delay in the process of notifying Sears legal department of Plaintiffs' suit." Appellee further indicated that its legal counsel did not receive notice of the complaint until November 7, 2007 and that local counsel received notice on November 9, 2007. Appellee's motion for leave was then filed on November 13, 2007. The trial court found the explanations contained in appellee's motion and memorandum in support to be tantamount to excusable neglect and we find such conclusion does not constitute an abuse of discretion. See Women's Care, Inc. v. Belcher, Richland App. No. 2004-CA-0047, 2005-Ohio-543.
 {¶ 30} Appellants' first assignment of error is, therefore, overruled.
 II {¶ 31} Appellants, in their second assignment of error, argue that the trial court erred in granting the Motion for Summary Judgment filed by appellee Sears. We disagree.
 {¶ 32} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. Therefore, we must refer to Civ. R. 56(C), which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it *Page 9 
appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 33} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429,1997-Ohio-259, 674 N.E.2d 1164, citing Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264. It is based upon this standard that we review appellants' second assignment of error.
 {¶ 34} Appellants contend that appellee slandered their credit history. Slander is a form of defamation. Elsass v. Tabler (1996),131 Ohio App.3d 66, 72 N.E.2d 503. "Defamation is a false publication causing injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame or disgrace, or affecting him adversely in his trade or business." Matalka v. Lagemann (1985),21 Ohio App.3d 134, 136, 486 N.E.2d 1220. *Page 10 
 {¶ 35} Appellants, in the case sub judice, allege that appellee Sears, although furnished with a notice of cancellation of the contract, reported to credit agencies that appellants' account was delinquent and, in doing so, has slandered appellants' credit rating. However, the trial court found, and we concur, that there is no evidence that appellee Sears reported the debt to collection agencies as a delinquent debt. The record before the trial court established that on or about November 3, 2003, appellee Sears sold its entire credit business to CitiBank (South Dakota), N.A. and that, since such time, appellee Sears has not engaged in debt collection activities in connection with credit accounts issued prior to November 3, 2003, including the credit account issued to appellants. See Affidavit of Gillian Madsen, Senior Counsel, Litigation, for Sears which was attached to appellee's Motion for Summary Judgment. As is stated above, appellants were advised by CitiBank in April and July of 2004 that the account would not be cancelled. While appellants, in their memorandum in opposition to appellee's Motion for Summary Judgment, contended that a TransUnion Credit Report dated April 4, 2007 (which was attached as Exhibit E) showed that appellee had "reported the credit account, which was to be cancelled by them, to the three major credit agencies as a `charged off bad debt', there is no evidence in the record that appellee was the one making such report. Moreover, while appellant Nancy Wilson, in her affidavit, stated that she "believes the TransUnion report where it states, `Updated June 2006' to mean that inquiry was made of Sears to confirm the accuracy of the report as of that date," there is no evidence in the record such was the case.
 {¶ 36} In short, we find that the trial court did not err in granting appellee's Motion for Summary Judgment. *Page 11 
 {¶ 37} Appellants' second assignment of error is, therefore, overruled.
 {¶ 38} Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.
 Edwards, J. Gwin, P.J. and Farmer, J. concur *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellants. *Page 1