OPINION
{¶ 1} Appellant, Raymond J. Masek ("Masek"), appeals from a judgment entry entered by the Trumbull County Common Pleas Court. On review, we affirm the trial court's judgment entry.
 {¶ 2} This litigation between Masek and appellee, Citigroup Global Markets, Inc. ("Citigroup"), relates back to an arbitration proceeding that Masek commenced against Salomon Smith Barney, Inc. ("Smith Barney"), the predecessor of Citigroup, in 2000. The arbitration was conducted according to the arbitration rules of the New York Stock Exchange ("NYSE"). *Page 2 
 {¶ 3} In that arbitration proceeding, Masek alleged mismanagement of his investment account by Ted Marroulis, a registered representative employed by Smith Barney at the time. In addition, a counterclaim for margin debt owing to Smith Barney was lodged against Masek as part of the arbitration proceeding.
 {¶ 4} Following an arbitration hearing, an arbitration award was issued against Masek with respect to all of his claims, and which awarded Smith Barney the amount of $7,992 for its margin debt. The award was issued on March 29, 2002. Masek never sought to vacate that award.
 {¶ 5} In December 2002, Masek sued Citigroup in the Trumbull County Common Pleas Court, alleging different acts of mismanagement by Marroulis and Citigroup. This case was assigned case No. 2002 CV 02703.
 {¶ 6} In January 2004, Citigroup filed the instant case in the Trumbull County Common Pleas Court to confirm the arbitration award issued in its favor on March 29, 2002. Masek filed an answer and a counterclaim. The counterclaim alleged fraudulent conduct on the part of Marroulis relative to a certain stock in his investment account.
 {¶ 7} In March 2004, Citigroup filed a motion for summary judgment in the instant case.
 {¶ 8} On May 14, 2004, the parties agreed to dismiss case No. 2002 CV 02703 and to proceed to a second arbitration hearing on the additional claims by Masek relating to his investment account. This second arbitration hearing was conducted under the rules of the National Association of Securities Dealers ("NASD"). The parties also requested a stay of proceedings in the instant case pending the outcome of the second arbitration hearing. *Page 3 
 {¶ 9} Masek was unsuccessful in his second arbitration hearing, which was conducted on September 10, 2005. The final award denying relief to Masek was dated October 3, 2005.
 {¶ 10} In October 2005, Citigroup filed a motion to lift the stay of proceedings in the instant case and renewed its request for summary judgment. Masek responded to the motion for summary judgment and also moved to vacate the second arbitration award of October 3, 2005.
 {¶ 11} On March 31, 2006, the trial court granted Citigroup's motion for summary judgment and thereby confirmed the arbitration award of March 29, 2002.
 {¶ 12} Masek has appealed the trial court's judgment entry of March 31, 2006, raising two assignments of error:
 {¶ 13} "[1.] The trial court erred in failing to address the distinct issue of witness veracity raised by appellant.
 {¶ 14} "[2.] The trial court erred in failing to address whether false testimony under oath in an arbitration proceeding can constitute grounds to vacate the award."
 {¶ 15} Both of Masek's assignments of error deal with the same subject matter and shall be treated together.
 {¶ 16} Masek argues (1) that the trial court should not have entered summary judgment and confirmed the March 29, 2002 (NYSE) award to Citigroup, and (2) that it should have vacated the October 3, 2005 (NASD) award pursuant to R.C. 2711.10(A), which provides for vacation of an arbitration award if such award was "procured by corruption, fraud, or undue means." We do not agree with either of Masek's assertions. *Page 4 
 {¶ 17} Pursuant to Civ. R. 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "[t]he moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."
 {¶ 18} Ordinarily, the standard of review for an order entering summary judgment is de novo.[1] However, the more narrow standard of review of abuse of discretion is applicable with respect to an order confirming an arbitration award, so that the arbitration proceeding is not a mere dress rehearsal for a rigorous de novo review by the trial court.[2] An abuse of discretion suggests that "`the court's attitude is unreasonable, arbitrary, or unconscionable.'"[3]
 {¶ 19} In addition, the standard of review for an order that grants a motion to confirm or vacate an arbitration award is likewise according to an abuse of discretion standard.[4] *Page 5 
 {¶ 20} Citigroup commenced the instant action to confirm an arbitration award pursuant to the provisions of the Ohio Arbitration Act, R.C. 2711, et seq. It then filed a motion for summary judgment to obtain confirmation of the award.
 {¶ 21} "When a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown."[5]
 {¶ 22} R.C. 2711.09 provides that a motion to confirm an arbitration award be filed within one year of the award. Though Citigroup filed its motion to confirm the March 29, 2002 (NYSE) award more than the one year after it was announced, having filed its motion for summary judgment on March 12, 2004, cases decided on the issue of timeliness have held that the one-year provision of R.C. 2711.09 is not mandatory.[6] If no prejudice results to the party against whom the motion is filed, the motion may be filed within a reasonable time beyond one year for good cause shown.[7] The good cause for delay in this case was the fact that Masek commenced additional litigation against Citigroup in December 2002, approximately nine months after the NYSE arbitration award, and this litigation was not resolved until October 2005, at which time Citigroup renewed its motion for summary judgment. *Page 6 
 {¶ 23} Pursuant to R.C. 2711.13, Masek could have filed a motion to vacate the 2002 NYSE award. He "must" have served notice of such a motion upon Citigroup "within three months after the award is delivered to the parties in interest."[8] Thus, Masek had until June 29, 2002 to file a motion to vacate the March 29, 2002 award. Unlike the time provision contained in R.C. 2711.09, which provides that a party "may" file to confirm an arbitration award within one year, the three-month notice requirement of R.C. 2711.13, containing the word "must," is mandatory.[9]
 {¶ 24} The essence of Masek's arguments that summary judgment should not have been entered and that the October 3, 2005 arbitration award should have been vacated is based upon an assertion of fraud committed at the September 10, 2005 hearing. The alleged fraud is that the telephone records introduced at the first arbitration hearing ("the NYSE hearing") demonstrate that Marroulis' last telephone contact with Masek was on March 18, 2000. These records, according to Masek, have the effect of impeaching Marroulis' subsequent testimony at the second arbitration hearing ("the NASD hearing"), when Marroulis testified that he was in "daily" contact with Masek up to and including April 10, 2000, the day the market collapsed and Masek's investments went sour. Had there been "daily" contact up to and including April 10, 2000, Masek concedes that Marroulis and Citigroup would be absolved of all responsibility for his investment losses, but because there was not "daily" contact, Masek contends that Marroulis committed fraud in his testimony at the NASD hearing and Citigroup and Marroulis should be responsible for his investment losses. Thus, *Page 7 
argues Masek, the arbitration award of October 3, 2005 should have been vacated on the ground of fraud.
 {¶ 25} The review of an arbitration award is limited. In the trial court, the review is limited to determining whether the party challenging the award has established a ground set forth in R.C. 2711.09
through 2711.14; and, in this court, our review is limited to examining the judgment entry that confirmed or vacated the arbitration award.[10]
 {¶ 26} As stated by the Eighth Appellate District:
 {¶ 27} "[R.C. 2711.09 through 2711.14, inclusive] provide the only procedures for post award attack or support of an arbitration decision [in the trial court]. However, an appeal may be taken `from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award.'[11]
But the review is confined to the order. The original arbitration proceedings are not reviewable.[12]"[13]
 {¶ 28} The trial court did address Masek's claim of fraud that was asserted in his motion to vacate the October 3, 2005 arbitration award. In its judgment entry, the trial court found as follows: "[n]one of the facts submitted rise to a showing or basis of fraud or collusion wherein this Court would be called upon to set aside the arbitrators award." *Page 8 
 {¶ 29} Citigroup argues in this court that Masek was in possession of the phone records well in advance of the September 10, 2005 arbitration hearing, that he did not use such records to cross-examine Marroulis at the arbitration hearing, and that he offered them for the first time in support of his motion to vacate in the trial court. We note that in the trial court, Masek furnished no verbatim excerpt from the hearing or affidavit of a witness to the arbitration hearing that shows that telephone records were used to cross-examine Marroulis concerning his testimony. Thus, Masek furnished no basis to the trial court for it to find that fraud had been committed at the arbitration hearing. The trial court did not abuse its discretion in refusing to vacate the October 3, 2005 arbitration award.
 {¶ 30} Even if the trial court had granted Masek's motion to vacate the 2005 NASD award, which it had no reason to do in the absence of fraud having been established, there still remains the 2002 NYSE award to be confirmed, about which Masek has offered no reason, either in the trial court or in this court, for it not to be confirmed.
 {¶ 31} Since the delivery of the March 29, 2002 NYSE award, Masek has taken no action whatsoever to disturb it. The trial court had no choice, upon a motion to confirm the award having been filed, but to confirm it. The trial court did not abuse its discretion by entering judgment to confirm the March 29, 2002 award.
 {¶ 32} Masek's assignments of error are without merit.
 {¶ 33} The judgment of the trial court is affirmed.
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[2] Herrendeen v. Daimler Chrysler Corp. (Mar. 30, 2001), 6th Dist. No. L-00-1268, 2001 Ohio App. LEXIS 1500, at *4-5.
[3] (Citation omitted.) Rossi v. Lanmark Homes, Inc. (Dec. 30, 1994), 11th Dist. No. 94-L-046, 1994 Ohio App. LEXIS 5977, at *15.
[4] Id.
[5] Warren Edn. Assn. v. Warren City Bd. of Edn. (1985),18 Ohio St.3d 170, syllabus.
[6] Russo v. Chittick (1988), 48 Ohio App.3d 101, 104, Temple v. DawnConstr. Co., 8th Dist. No. 82830, 2003-Ohio-5251, at ¶ 9. See, also,Wachovia Secs., Inc. v. Gangale (C.A.6, 2005), 125 Fed. Appx. 671, 679.
[7] Russo v. Chittick, 48 Ohio App.3d at 104.
[8] R.C. 2711.13.
[9] Galion v. Am. Fedn. of State, Cty. Mun. Emp., Ohio Council 8,AFL-CIO, Local No. 2243 (1995), 71 Ohio St.3d 620, 622.
[10] hart v. Am. Res. Ins. Co. (1981), 2 Ohio App.3d 99, 101.
[11] 2711.15.
[12] Moore v. Boyer (1884), 42 Ohio St. 312, 313; cf. the dictum inState ex rel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326, 328.
[13] art v. Am. Res. Ins. Co., 2 Ohio App.3d at 101. *Page 1