OPINION
{¶ 1} Appellant, Raymond J. Masek, appeals from the judgment entered by the Trumbull County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} The instant appeal stems from litigation and arbitration between Masek and appellee, Citigroup Global Markets, Inc. ("Citigroup"). SeeCitigroup Global Markets, Inc. v. Masek, 11th Dist. No. 2006-T-0052,2007-Ohio-2301. *Page 2 
 {¶ 3} In 2000, Masek initiated arbitration proceedings against Solomon Smith Barney Inc. ("Smith Barney"), the predecessor in interest of Citigroup, and Ted Marroulis, a registered representative employed by Smith Barney, for recovery of losses in the amount of $108,040.56. Smith Barney filed a counterclaim for margin debt allegedly owed on Masek's investment account. Id. at ¶ 2-4.
 {¶ 4} Following the arbitration hearing, which was conducted according to the arbitration rules promulgated by the New York Stock Exchange, an arbitration award was issued against Masek. Smith Barney was awarded $7,992 for its margin debt. Masek did not seek to vacate this award. The arbitration award was rendered on March 29, 2002. Id. at ¶ 2-4.
 {¶ 5} In December 2002, Masek filed suit against Citigroup in the Trumbull County Court of Common Pleas, alleging various acts of mismanagement by Marroulis and Citigroup. This matter was assigned case No. 2002 CV 02703. Id. at ¶ 5.
 {¶ 6} In January 2004, Citigroup filed an action in the Trumbull County Court of Common Pleas to confirm the arbitration award issued in its favor on March 29, 2002. This action was assigned case No. 2004 CV 00167. "Masek filed an answer and a counterclaim. The counterclaim alleged fraudulent conduct on the part of Marroulis, relative to a certain stock in his investment account." Id. at ¶ 6.
 {¶ 7} Citigroup filed a motion for summary judgment in case No. 2004 CV 00167, in March 2004. Due to pending case No. 2002 CV 02703, the instant action was stayed. Id. at ¶ 7-8.
 {¶ 8} A second arbitration hearing was held in September 2005, concerning case No. 2002 CV 02703. Again, Masek was denied relief, and the decision of the arbitrator was rendered on October 3, 2005. Id. at ¶ 8-9. *Page 3 
 {¶ 9} Thereafter, Citigroup filed a motion to lift the stay of proceedings in case No. 2004 CV 00167 and renewed its request for summary judgment. Id. at ¶ 10.
 {¶ 10} Masek responded to the motion for summary judgment and moved to vacate the second arbitration award of October 3, 2005. Id.
 {¶ 11} "On March 31, 2006, the trial court granted Citigroup's motion for summary judgment and thereby confirmed the arbitration award of March 29, 2002." Id. at ¶ 11.
 {¶ 12} Masek appealed the March 31, 2006 judgment entry in case No. 2004 CV 00167, claiming the results of the arbitration hearings were "`procured by corruption, fraud, or undue means.'"[1] Id. at ¶ 16. On appeal, this court affirmed the judgment of the trial court. Id. at ¶ 33. This court found that Masek failed to timely file a motion to vacate the award, pursuant to R.C. 2711.13. Id. at ¶ 23.
 {¶ 13} On April 25, 2008, Masek filed in the trial court a motion to vacate the judgment entered on March 31, 2006, pursuant to Civ. R. 60(B)(4) and (B)(5), as well as a motion to stay the judgment.
 {¶ 14} Citigroup filed a memorandum in opposition of Masek's motions to vacate and stay judgment.
 {¶ 15} On June 23, 2008, the trial court overruled Masek's motion to vacate and motion to stay the judgment, based on the principle of res judicata. It is from this judgment that Masek now appeals, asserting the following assignments of error: *Page 4 
 {¶ 16} "[1.] The trial court erred to the prejudice of defendant-appellant in it's [sic] holding that the Rule 60(B)(5) motion was of no effect based on the principle of res judicata where newly produced evidence showed fraudulent nondisclosure amounting to statutory noncompliance.
 {¶ 17} "[2.] The trial court erred to the prejudice of appellant in its failure to grant an evidentiary hearing in it's [sic] holding that the present motions are of no effect based on the principle of res judicata."
 {¶ 18} Since Masek's assignments of error are interrelated, we address them in a consolidated analysis.
 {¶ 19} "A reviewing court reviews a trial court's decision on a motion for relief from judgment to determine if the trial court abused its discretion." (Citations omitted.) Bank One, NA v. SKRL Tool and Die,Inc., 11th Dist. No. 2003-L-048, 2004-Ohio-2602, at ¶ 15. See, also,GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, 150. "The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} Relief from judgment may be granted pursuant to Civ. R. 60(B), which states, in part:
 {¶ 21} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ. R. 59(B); (3) fraud (whether heretofore denominated intrinsic or *Page 5 
extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 22} Regarding the moving party's obligations for a Civ. R. 60(B) motion, the Supreme Court of Ohio has held:
 {¶ 23} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric v. ARC Industries, 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 24} In his motion to vacate the judgment entered on March 31, 2006, Masek stated:
 {¶ 25} "This seven-year travesty of Citigroup with regard to an ostensible $7,992 from it's [sic] own unauthorized liquidation of Masek's brokerage account is unjust. The false issuance of a summons and complaint by Citigroup was unjust. The garnishment without notice of Masek's lawyer's IOLTA account was unjust. * * * Continued enforcement of the judgment given the above would be unconscionable and against public policy. * * *."
 {¶ 26} On appeal, Masek now asserts that Citigroup failed to comply with the one-year provision for confirmation of arbitration awards, as set forth in R.C. 2711.09. *Page 6 
This court dismissed this argument propounded by Masek in CitigroupGlobal Markets, Inc. v. Masek, 2007-Ohio-2301, at ¶ 22, stating:
 {¶ 27} "R.C. 2711.09 provides that a motion to confirm an arbitration award be filed within one year of the award. Though Citigroup filed its motion to confirm the March 29, 2002 (NYSE) award more than the one year after it was announced, having filed its motion for summary judgment on March 12, 2004, cases decided on the issue of timeliness have held that the one-year provision of R.C. 2711.09 is not mandatory. * * * If no prejudice results to the party against whom the motion is filed, the motion may be filed within a reasonable time beyond one year for good cause shown. * * * The good cause for delay in this case was the fact that Masek commenced additional litigation against Citigroup in December 2002, approximately nine months after the NYSE arbitration award, and this litigation was not resolved until October 2005, at which time Citigroup renewed its motion for summary judgment." (Internal citations omitted.)
 {¶ 28} Furthermore, Masek alleges Citigroup committed a fraud on the court. To buttress this argument, Masek attached to his motion a copy of a summons and complaint, dated August 2, 2001, which was to be filed in New York State Court, for the sum of $7,992.10. However, as we previously stated, an arbitrator settled this matter, rendering a decision on March 29, 2002. Therefore, the 2001 copy of a summons and complaint attached to Masek's motion to vacate judgment is certainly not evidence that Citigroup committed a fraud on the court.
 {¶ 29} We further recognize that an individual filing a motion for relief from judgment under Civ. R. 60(B) is not automatically entitled to a hearing on said motion. Reed v. The Basement, 8th Dist. No. 82022, 2003-Ohio-4565, at ¶ 15. "[T]he movant must do more than make bare allegations that he or she is entitled to relief." Kay v. *Page 7 Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20. "Where the movant's motion and accompanying materials fail to provide the operative facts to support relief under Civ. R. 60(B), the trial court may refuse to grant a hearing and summarily overrule the motion for relief from judgment."Bates Springer, Inc. v. Stallworth (1978), 56 Ohio App.2d 223, 228. (Citation omitted.)
 {¶ 30} In his motion and on appeal, Masek has not presented any evidence that warrants vacating the trial court's March 31, 2006 judgment entry, enforcing the arbitrator's award. Masek has made numerous attempts to vacate this judgment against him, and his filing of a Civ. R. 60(B) motion is another attempt in seeking a "second bite at the apple," after an unsuccessful appeal on the merits.
 {¶ 31} Masek has failed to put forth any evidence or allege any operative facts that would warrant relief under Civ. R. 60(B) and, therefore, the trial court was correct in summarily denying his motion. As such, Masek's first and second assignments of error are without merit, and the judgment of the Trumbull County Court of Common Pleas is hereby affirmed.
DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J., concur.
[1] While this appeal was pending, Masek filed a complaint against Marroulis and his attorneys, Robert N. Rapp and Scott C. Matasar, and two other individuals. The trial court entered summary judgment in favor of Marroulis and granted Rapp and Matasar's motion to dismiss, with prejudice. The judgment of the trial court was affirmed in Masek v.Marroulis, 11th Dist. No. 2007-T-0034, 2007-Ohio-6159. The stay was denied by Masek v. Marroulis, 116 Ohio St.3d 1505, 2008-Ohio-381, and the discretionary appeal was not allowed. Masek v. Marroulis,117 Ohio St.3d 1459, 2008-Ohio-1635. *Page 1