KINTER, APPELLANT, *v.* KINTER, APPELLEE, ET AL.

(No. 3983—Decided April 6, 1949.)

*Messrs. Hadley & Weaver,* for appellant.
*Messrs. Bailey & Bailey,* for appellee.

HUNSICKER, J. In this appeal on questions of law, appellant, Leah Louise Kinter, seeks to reverse a judgment sustaining a demurrer to her petition for damages, alleged to be the result of a conspiracy to give false testimony in appellant's prior divorce action against the appellee herein, Clarence C. Kinter.

No summons was ever served on the other alleged conspirator.

The appellee Kinter demurred to the petition on the ground that no cause of action was stated therein.

In the petition, claim is made that appellee and another conspired to give false testimony in appellant's divorce action, which testimony was given by the other party, resulting in a divorce being granted appellee on the ground of adultery.

The determinative question in this case is whether a petition which alleges a conspiracy to give false testimony in a prior divorce action between the parties herein, which claimed testimony was then given in such prior divorce action, states a cause of action for damages claimed to be the result of the testimony so given.

The general rule is that the giving of false testimony in a judicial proceeding does not give rise to a civil action for damages for injury resulting from the giving of false testimony. 58 American Jurisprudence, Witnesses, Section 886; 12 A. L. R., 1269; 81 A. L. R., 1126; 3 Restatement of the Law of Torts, Section 588.

In Ohio, the rule is declared to be that "language used in the ordinary course of judicial proceedings, whether by the judge, a party, counsel, jurors or witnesses, is protected if it be relevant to the matter under consideration, and the court have jurisdiction." *Liles* v. *Gasler*, 42 Ohio St., 631, 635.

This privilege accorded to a witness is founded upon public policy. The administration of justice would be impeded if actions, such as the one herein, were permitted to be brought against a witness by a party to the action, for damages, claimed to be the result of the testimony given.

If the statements allegedly made were pertinent to the issue, and by a reading of the petition such pertinency is obvious, then this action cannot be maintained.

"Where a witness in a judicial proceeding testifies to matters pertinent to the issue an action cannot be maintained against him by the party against whom such testimony is given on the ground that the testimony is false and was the cause of the judgment rendered against such party." *Bickerstaff* v. *Hingsley,* 1 Ohio App., 91.

We have examined all other claimed errors and find none prejudicial to the rights of the appellant.

The judgment is affirmed.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.