SILAS E. BAKER, JR., APPELLANT, v. MIROSLAUS ORLOWSKY, APPELLEE.

(No. 434—Decided May 19, 1971.)

*Miss Dorothy D. Bergmann*, for appellant.
*Messrs. Williams & Batchelder* and *Mr. C. Nevada Johnson, Jr.*, for appellee.

VICTOR, J. In this appeal on questions of law, the plaintiff, Silas E. Baker, Jr., appellant herein, seeks to reverse a judgment sustaining a demurrer to his amended petition for damages, alleged to be the result of false and fraudulent representations made by the defendant, Miroslaus Orlowsky, appellee herein, a medical doctor, to the Probate Judge of Medina County, by reason of which the plaintiff was committed to a mental institution.

The defendant demurred to the amended petition on the ground that it stated no cause of action.

The pertinent part of plaintiff's amended petition alleges:

"That by medical certificate filed in Probate Court of Medina County on April 12, 1965, in case number 26883, defendant represented that said defendant had examined

Silas E. Baker, the plaintiff, on April 11, 1965, said representation being false and fraudulent and known by defendant to be false and fraudulent; that by the same aforementioned medical certificate defendant represented that having examined the said Silas E. Baker, as a result of such examination defendant believed said person to be mentally ill, said representation being false and fraudulent and known by defendant to be false and fraudulent; that Journal Entry filed in the same court on the same date and in the same case recites that the Judge, 'having heard the testimony of Dr. Miroslaus Orlowsky, the medical witness . . . and being satisfied that there is probable cause to believe that said Silas E. Baker is mentally ill,' and insofar as the testimony of Dr. Miroslaus Orlowsky, the defendant in this action, represented in his testimony to the Probate Court that he, the defendant, had examined the plaintiff on the date stated in the medical certificate and/or that as a result of such examination he believed the said Silas E. Baker to be mentally ill, such representations in said testimony were false and fraudulent and known by the defendant to be false and fraudulent.''

It is apparent, from a reading of the amended petition, that plaintiff alleges that, because of the giving of false testimony, under oath, by defendant in the Probate Court, in a hearing to determine the mental competency of plaintiff, he was committed by that court to a mental institution. Does such a petition state a cause of action for damages claimed to be the result of such testimony?

The general rule is that the giving of false testimony in a judicial proceeding does not give rise to a court action for damages for injury resulting from the giving of false testimony. 58 Am. Jur., 506, Witnesses, Section 886; and 3 Restatement of the Law, Torts, Section 588.

This court, in the case of *Kinter* v. *Kinter*, 84 Ohio App. 399, 400, said:

''In Ohio, the rule is declared to be that 'language used in the ordinary course of judicial proceedings, whether by the judge, a party, counsel, jurors or witnesses, is protected if it be relevant to the matter under consideration,

and the court have jurisdiction.' *Liles* v. *Gaster,* 42 Ohio St. 631, 635.

"This privilege accorded to a witness is founded upon public policy. The administration of justice would be impeded if actions, such as the one herein, were permitted to be brought against a witness by a party to the action, for damages, claimed to be the result of the testimony given."

See, also, Prosser, Law of Torts (3d Ed.), 795 *et seq.,* Section 109.

From a reading of this petition, it is obvious that the testimony alleged to have been given by the defendant was relevant to the matter under consideration. Consequently, no action can be maintained against defendant by the plaintiff on the ground that the testimony was false and caused his commitment to a mental institution. *Bickerstaff* v. *Hingsley,* 1 Ohio App. 91. See, also, *Hager* v. *Major,* 353 Mo. 1166, 1169, 1175, 186 S. W. 2d 564, where the sworn statements of a neuro-psychiatrist that plaintiff was a psychopathic personality are absolutely privileged when pertinent.

We find no errors prejudicial to appellant's rights and, hence, affirm the judgment.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.