STOLL, APPELLANT, *v.* KENNEDY, APPELLEE.

(No. 2200 — Decided April 22, 1987.)

*Roger J. Stoll, pro se.*
*Charles A. Kennedy, pro se.*

GEORGE, J. Plaintiff-appellant, Roger J. Stoll, contacted Charles R. Cutter to harvest the 1983 corn crop on Franchester Farms. A harvest contract was entered into for $22 per acre. Stoll did not disclose to Cutter that he was acting as an agricultural consultant for an interim partnership or for anyone other than himself. The trial court found that Stoll had entered into a joint venture for the interim operation of Franchester Farms with two other people and that Franchester Farms, the two other people and Stoll were jointly and severally liable to Cutter for $4,974.46. Defendant-appellee, Charles A. Kennedy, was Cutter's attorney in that action.

Upon completion of the first case, Stoll alone filed an action against Cutter's attorney, Kennedy. He alleged that Kennedy acted "unconscionably with malice and forethought" and conspired with Cutter "to offer perjured testimony" in the prior civil case "to enhance his opportunity to collect a fee." Kennedy filed a Civ. R. 12(C) motion claiming that he was entitled to judgment on the pleadings as a matter of law. Civ. R. 12(C) provides:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

The trial court granted Kennedy's motion stating:

"The complaint of the plaintiff claims that the defendant attorney with malice conspired with his client, Charles R. Cutter, to offer perjured testimony in a civil case against the plaintiff resulting in a judgment against the plaintiff. In his answer, the defendant attorney set forth the defense that the complaint failed to state a cause of action. The defendant further denied the allegations of the complaint except that the defendant admitted that he represented Charles R. Cutter in a civil action involving the plaintiff and others in the Common Pleas Court of Wayne County, Ohio, entitled Case No. 84-CI-309, and the Court, after a trial to the Court, awarded judgment to Charles R. Cutter against Roger J. Stoll, the plaintiff herein, and others.

"The giving of false testimony in a judicial proceeding, even though the allegation is made that the person giving the testimony knew it to be false, does not give rise, either at common law or by statute, to a civil action for damages from such testimony (*Schmidt* v. *Statistics, Inc.,* 62 Ohio App. 2d 48, 16 Ohio Ops. 3d 85, 403 N.E. 2d 1026 (Ct. App. Lucas Co., 1978); and, *Baker* v. *Orlowsky,* 28 Ohio App. 2d 188, 57 Ohio Ops. 2d 270, 275 N.E. 2d 342 (Ct. App. Medina Co., 1971)).

"Since under the law the plaintiff has no cause of action against Charles R. Cutter, then he cannot have one against Cutter's attorney.

"* * *"

App. R. 16(A)(4) provides that:

"* * * The argument shall contain the contentions of the appellant with respect to the assignments of error presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."

Recognizing that Stoll is acting *pro se,* still, his brief of one page lacks argument as required by rule and is less than instructive on the error being claimed. However, Stoll does recite that the trial court's dismissal of his action was erroneous.

In order for a court to dismiss a complaint for a failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753; *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154, 156, 4 OBR 396, 398, 447 N.E.

2d 1285, 1287. In ruling upon such a motion the complaint must be taken as true.

As a general rule, an attorney is liable to his client alone and not to third parties for negligence in the conduct of his professional duties. See Annotation (1972), 45 A.L.R. 3d 1181, Sections 3 and 4; 6 Ohio Jurisprudence 3d (1978) 674, Attorneys at Law, Section 143; and *Savings Bank* v. *Ward* (1879), 100 U.S. 195. The reasoning behind the need for this immunity is set forth in *W.D.G., Inc.* v. *Mutual Mfg. & Supply Co.* (App. 1976), 5 O.O. 3d 397, 399-400:

"* * * Some immunity from being sued by third persons must be afforded an attorney so that he may properly represent his client. To allow indiscriminate third-party actions against attorneys of necessity would create a conflict of interest at all times, so that the attorney might well be reluctant to afford proper representation to his client in fear of some third-party action against the attorney himself."

The complaint here speaks in terms of malice and forethought by Kennedy in his conspiring with Cutter to give false testimony. Although an attorney enjoys immunity in his professional responsibilities, the immunity is not absolute. For example, an attorney may be liable for a breach of contract to a non-client once privity of contract is shown to exist. He also may be liable to a third-party beneficiary for any foreseeable damages caused by his acts of negligence. And he may be liable to one who is not his client for acts which are malicious or fraudulent and go far beyond acceptable legal practice. See 7 American Jurisprudence 2d (1980), Attorneys at Law, Section 232 *et seq.*

No privity of contract is claimed to exist between Stoll and Kennedy. Further, no third-party beneficiary relationship is claimed between Stoll and Cutter for which Kennedy might be held responsible. Thus, to determine if Stoll has a viable cause of action, one must be shown to exist for Kennedy's alleged malicious or fraudulent conduct. Here Stoll claims that Kennedy's malicious or fraudulent conduct was in conspiring with Cutter so that Cutter would give false testimony. Cutter's testimony, therefore, is the heart of the action.

Assuming that there was false testimony by Cutter, that Kennedy acted in concert with Cutter to give such testimony, and that Kennedy was malicious and fraudulent in that regard, is there a civil remedy for the giving of false testimony in a judicial proceeding? The answer is no. See *Schmidt* and *Baker, supra,* cited by the trial court.

Since no action lies against Cutter, the person who is said to have given the false testimony, *Liles* v. *Gaster* (1885), 42 Ohio St. 631, there can be no action against his attorney. The claim, even taken as true, does not recite any cause of action for which relief may be granted. The assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and MAHONEY, JJ., concur.

MAHONEY, J., concurring. I concur. However, I believe it should be clear that our decision here does not preclude the possibilities of criminal procedure by way of perjury or subornation of perjury. Depending upon the facts, Civ. R. 60(B) might also provide civil relief. The former, however, exposes the accuser to similar charges if he is falsely testifying.