Plaintiff-appellant James F. Scott, successor to James Scott Enterprises, Inc. ("appellant") appeals from the order of the trial court granting summary judgment in favor of defendant-appellee Harold Schneider, individually and as president of H K, Inc. ("appellee") on appellant's defamation claim. Appellant assigns the following errors for our review:
 I. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF WITNESSES AND MOTION TO EXTEND PERIOD OF DISCOVERY.
 II. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
Finding appellant's assignments of error to lack merit, the judgment of the trial court is affirmed.
 I.
On April 14, 1997, appellant filed the underlying complaint against appellee asserting a defamation claim. Specifically, appellant alleged that appellee provided perjured testimony during his deposition and an arbitration hearing in a previous civil lawsuit. Appellant further alleged that as a result of appellee' s false and fraudulent statements during the arbitration hearing, judgment was rendered against him in the amount of $34,782.00 in that case.
On or about November 5, 1997, appellant served notices to take deposition duces tecum ("notices") upon the plaintiffs of the previous lawsuit, John and Mary Breen, and John Breen's father, John G. Breen (collectively "the Breens"). Appellant also provided copies of the notices to the Breens' attorney, and filed the notices with the court. The Breens refused to be deposed, in part, because they were non-party witnesses in appellant's lawsuit against appellee and the notices failed to comply with the subpoena requirements of Civ.R. 45.
On November 20, 1997, appellant filed a motion to compel the depositions of the Breens. In addition, appellant filed a motion requesting that the trial court extend the discovery period. On November 26, 1997, the Breens filed a motion for protective order and/or an order quashing their depositions. On December 19, 1997, appellee filed a motion for summary judgment.
On February 9, 1998, the trial court denied appellant's motion to compel the depositions of the Breens and denied appellant's request for an extension of the discovery period. In addition, the court granted the Breens' motion for a protective order and quashed appellant's request to depose the Breens.
In a journal entry filed on February 11, 1998, the trial court granted appellee's motion for summary judgment. On March 10, 1998, appellant filed the instant appeal.
 II.
In his first assignment of error, appellant claims that the trial court erred in denying his motion to compel the depositions of three non-party witnesses. In addition, appellant contends that the trial court erred in denying his motion to extend the period of discovery.
We note that the trial court has inherent authority to control all matters relating to discovery. See Gruenspan v. Seitz (Nov. 13, 1997), Cuyahoga App. No. 71712, unreported, citing State exrel. Grandview Hosp. Med. Ctr. v. Gorman (1990), 51 Ohio St.3d 94,95. An appellate court will not second guess the trial court's ruling on discovery issues in the absence of an abuse of discretion. Baynard v. Oakwood Village (Oct. 16, 1997), Cuyahoga App. No. 71711, unreported.
In the instant case, as discussed below, appellee was entitled to summary judgment as a matter of law on appellant's defamation claim. Appellant argues that additional discovery, including the deposition of three non-party witnesses, would have produced evidence that appellee provided perjured testimony in a previous lawsuit; however, assuming arguendo that the additional discovery would have produced evidence confirming appellant's allegations, appellee would have still been entitled to summary judgment.
Therefore, we find that the trial court did not abuse its discretion in denying appellant's discovery motions. Accordingly, appellant's first assignment of error is overruled.
 III.
As for his second assignment of error, appellant argues that the trial court erred in granting appellee's motion for summary judgment on appellant's defamation claim. Appellant's defamation claim was based upon the allegation that appellee provided false testimony during a previous lawsuit and, as a result of appellee's perjured testimony, the court rendered judgment against appellant in that case.
Civ.56(C) provides that summary judgment is proper if the trial court determines that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Civ.R. 56(C). See also Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327; Stefanov v. PersonalServices Ins. Co. (1998), Cuyahoga App. Nos. 73589, 73590, unreported.
It is well-established that judges, counsel, parties, and witnesses are absolutely immune from suit for defamation based on statements made during a judicial proceeding if those statements are material and relevant to the subject matter of the proceeding. Erie Cty. Farmers' Ins. Co. v. Crecelius (1930),122 Ohio St. 210, syllabus; M.J. DiCorpo, Inc. v. Sweeney (1994),69 Ohio St.3d 497, 506.
In the instant case, appellant insists that the absolute immunity for testimony in a judicial proceeding does not apply to perjured testimony. Contrary to appellant's argument, a witness is also immune from civil liability for giving false testimony. See Elling v. Graves (1994), 94 Ohio App.3d 382, 387. citingSchmidt v. Statistics, Inc. (1978), 62 Ohio App.2d 48; Pattersonv. Patterson (Apr. 14, 1989), Greene App. No. 88-CA-75, unreported. "This ban on civil liability for false statements applies even in cases where the party testifying knew his statements were false." Elling, supra, citing Stoll v. Kennedy
(1987), 38 Ohio App.3d 102; Schmidt, supra.
Based upon the foregoing, appellee is immune from liability for his allegedly false testimony and, therefore, is entitled to judgment as a matter of law. We find that the trial court did not err when it granted appellee's motion for summary judgment on appellant's defamation claim.
Accordingly, appellant's second assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and KENNETH A. ROCCO, J. CONCUR.
 ___________________________________ LEO M. SPELLACY JUDGE