OPINION
{¶ 1} Appellant, Raymond J. Masek, appeals the judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellee, Theodore Marroulis, and dismissal, pursuant to Civ.R. 12(B)(6), on his claim against appellees, Robert N. Rapp and Scott C. Matasar. We affirm the judgment of the court below. *Page 2 
 {¶ 2} The instant action is another episode in a long history of litigation and arbitration between Masek, Marroulis, Citigroup Capital Markets, Inc., ("Citigroup"), and Solomon Smith Barney, Inc ("Smith Barney"), Citigroup's predecessor in interest, arising from Marroulis' alleged mismanagement of Masek's investment account. See CitigroupGlobal Markets, Inc. v. Masek, 11th Dist. No. 2006-T-0052,2007-Ohio-2301.
 {¶ 3} Marroulis is a vice president, financial advisor, and financial planning specialist for Citigroup. In November 2000, Masek initiated arbitration proceedings against Marroulis and Smith Barney for recovery of investment losses in the amount of $108,040.56, arising from Masek's investment in the stock of a company called eToys. Smith Barney, in turn, filed a counterclaim for margin debt allegedly owed on Masek's investment account. The arbitration was conducted according to the arbitration rules promulgated by the New York Stock Exchange ("NYSE"). Id. at ¶¶ 2-3.
 {¶ 4} On March 29, 2002, following a hearing, the arbitrator granted an award in favor of Smith Barney in the amount of $7,992 for the margin debt and rejected all of Masek's claims. Id. at ¶ 4.
 {¶ 5} Masek never sought to vacate the March 29, 2002 arbitration award. Instead, Masek filed suit against Citigroup in the Trumbull County Court of Common Pleas, in December 2002, alleging various acts of mismanagement by Marroulis and Citigroup, (Case No. 2002 CV 02703). In January 2004, Citigroup filed suit in the Trumbull County Court of Common Pleas to confirm the March 29, 2002 arbitration award, (Case No. 2004 CV 00167). In response to Citigroup's complaint, Masek filed an answer and counterclaim alleging fraudulent conduct on the part of Marroulis. Id. at ¶¶ 5-6. *Page 3 
 {¶ 6} On May 14, 2004, Case No. 2002 CV 02703 was voluntarily dismissed, and the parties agreed to submit the issues therein to arbitration. In addition, Case No. 2004 CV 00167 was stayed pending the outcome of this second arbitration hearing. Id. at ¶ 8.
 {¶ 7} The second arbitration hearing was conducted on September 10, 2005, pursuant to rules promulgated by the National Association of Securities Dealers ("NASD"). Id. Masek was again unsuccessful in arbitration, with the final award denying relief issued on October 3, 2005. Id. at ¶ 9. In October 2005, Citigroup filed a motion to lift the court's stay on Case No. 2004 CV 00167 and motioned for summary judgment confirming the first arbitration award. Id. at ¶ 10. Masek filed a brief in opposition to Citigroup's motion and additionally moved to vacate the arbitration award of October 3, 2005. Id. On December 1, 2005, the court granted Citigroup's motion to lift the stay.
 {¶ 8} On March 31, 2006, the trial court granted Citigroup's motion for summary judgment, and denied Masek's motion to vacate the October 3, 2006 arbitration award.
 {¶ 9} Masek appealed the March 31, 2006 judgment in case No. 2004 CV 00167 to this court. Id. at ¶ 12. In that appeal, Masek challenged the results of both arbitration hearings on the grounds that they were "procured by corruption, fraud or undue means." Id. at ¶ 16.
 {¶ 10} This court affirmed the judgment of the lower court, holding that the "trial court did not abuse its discretion by entering judgment to confirm the March 29, 2002 award." Id. at ¶ 30. In so holding, this court found that Masek had failed to avail himself of the remedy of timely filing a motion to vacate the award pursuant to R.C. 2711.13 and failed to do so. Id. at ¶ 23. *Page 4 
 {¶ 11} While the appeal from case No. 2004 CV 00167 was pending, Masek filed the instant complaint against appellees Marroulis, and his attorneys, Rapp, Matasar, and two others, which was assigned Case No. 2006 CV 02129.[1] The first count states a Fraud complaint against Marroulis, based upon his allegedly false testimony under oath at the second securities arbitration. This count also states a Fraud claim against the other parties for knowingly suborning Marroulis' allegedly perjured testimony.
 {¶ 12} The second count alleges a "Breach of Contract" claim, apparently based upon his attorneys' alleged pursuit of garnishment proceedings against his bank accounts, in contravention of the parties' agreement to stay any further legal action pending the outcome of the second arbitration.
 {¶ 13} The third count, also against Marroulis' attorneys, alleges an Intentional Infliction of Emotional Distress claim, arising from the initiation of garnishment proceedings against him.
 {¶ 14} On October 13, 2006, Marroulis, with leave of the court, filed his answer. Three days later, Rapp and Matasar filed a Motion to Dismiss Masek's complaint, pursuant to Civ.R. 12(B)(6). On November 6, 2006, Marroulis filed a motion for summary judgment.
 {¶ 15} On February 20, 2007, the trial court entered judgment in favor of Marroulis on his summary judgment claim, and granted Rapp and Matasar's Motion to Dismiss, with prejudice.
 {¶ 16} It is from this judgment that Masek timely appealed, assigning the following as error for our review: *Page 5 
 {¶ 17} "[1] The trial court erred to the prejudice of appellant in holding that admittedly false testimony under oath cannot constitute fraud against appellant so injured as a result and was not properly plead [sic] .
 {¶ 18} "[2.] The trial court erred to the prejudice of appellant in it's [sic] holding that it did not have proper jurisdiction and venue over the case at bar.
 {¶ 19} "[3.] The trial court erred to the prejudice of plaintiff in failing to properly address plaintiffs clearly plead [sic] second cause of action alleging breach of contract against defendants so named."
 {¶ 20} In his first assignment of error, Masek challenges the trial court's dismissal of his fraud claim against Rapp and Matasar and the granting of summary judgment in favor of Marroulis on the fraud claim against him. In his third assignment of error, Masek argues that the trial court's dismissal of the Breach of Contract claim against Rapp and Matasar was not warranted. Masek does not challenge the trial court's dismissal of his Intentional Infliction of Emotional Distress claim, which will, therefore, not be addressed by this court.
 {¶ 21} With regard to the claims against them, Rapp and Matasar filed a Motion to Dismiss, pursuant to Civ.R. 12(B)(6). Civ.R. 12(B), which governs motions for judgments on the pleadings, states as follows:
 {¶ 22} "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may * * * be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) *Page 6 
insufficiency of service of process, [and] (6) failure to state a claim upon which relief can be granted * * *."
 {¶ 23} As a general rule, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel. Hanson v. Guernsey Cty. Bd.of Commrs., 65 Ohio St.3d 545, 547, 1992-Ohio-73.
 {¶ 24} In reviewing a judgment involving a Civ.R. 12(B)(6) motion to dismiss, an appellate court conducts a de novo review of the complaint to determine whether the dismissal was appropriate. Ferreri v. PlainDealer Publishing Co. (2001), 142 Ohio App.3d 629, 639, citingGreeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228, 229-230; Camastro v. Motel 6 Operating, L.P. (Apr. 27, 2001), 11th Dist. No. 2000-T-0053, 2001 Ohio App. LEXIS 1936, at *12-*13 (citations omitted)
 {¶ 25} In construing the complaint, an appellate court must "limit its inquiry to the material allegations contained in the complaint and accept those allegations and all reasonable inferences as true."Gawloski v. Miller Brewing Co. (1994), 96 Ohio App.3d 160, 163 (citation omitted). "[A]s long as there is a set of facts, consistent with the plaintiffs complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." York v. Ohio StateHwy. Patrol (1991), 60 Ohio St.3d 143, 145. Accordingly, "[t]his court must analyze whether or not there is a set of facts which would allow [the plaintiff] to recover." Sinoff v. Ohio Permanente Med. Group,Inc., 146 Ohio App.3d 732, 2001-Ohio-4186, at ¶ 20. If, after undertaking this review, there is no set of facts within the complaint which would entitle the plaintiff to relief, the moving party is entitled to judgment as a matter of law. Gawloski,96 Ohio App.3d at 163. *Page 7 
 {¶ 26} Marroulis, by contrast, filed a Motion for Summary Judgment regarding the fraud claim against him.
 {¶ 27} The standard applied by an appellate court in reviewing a lower court's decision to grant summary judgment is also de novo, as it only involves questions of law. Bertrand v. Lax, 11th Dist. No. 2004-P-0035,2005-Ohio-3261, at ¶ 13; Landmark Ins. Co. v. Cincinnati Ins. Co., 11th Dist. No. 2000-P-0093, 2001-Ohio-4311, at ¶ 9, citing Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 28} With regard to his Fraud claim against the appellees, Masek's complaint alleged, in relevant part, as follows:
 {¶ 29} "Under stay of this Court and agreement of the parties, the * * * matter was referred to arbitration.
 {¶ 30} "The arbitration was held before the National Association of Securities Dealers (`NASD') on September 20, 2005 [sic] .
 {¶ 31} "Further to prolonged discovery conducted prior, Citigroup had produced the telephone log of calls made to Masek with regard to his investment account.
 {¶ 32} "The telephone log at all times pertinent was available to and known by defendant attorneys.
 {¶ 33} "At the NASD arbitration, defendant Marroulis was called to testify on his oath. *Page 8 
 {¶ 34} "Marroulis, per transcribed testimony subsequently generated, acknowledged that he had `responsibilities at this time with regard to Masek's account.'
 {¶ 35} "Marroulis, with Rapp, Esq. by his side, swore that this acknowledged responsibility was met with `(Masek and he) communicating on a day-to-day basis.'
 {¶ 36} "Th[is] sworn testimony * * * was material in nature.
 {¶ 37} "Marroulis was the only witness called by Masek with regard to the $108.040.56 loss at issue.
 {¶ 38} "Upon direct examination by Rapp, Esq., Masek stated his belief that Marroulis had engaged in fraud in the testimony he rendered.
 {¶ 39} "* * *
 {¶ 40} "Subsequent verification by Masek of the transcribed Marroulis testimony to the telephone logs produced by Citigroup established that Marroulis had indeed testified falsely on his oath. The logs showed the earliest communication with Masek was some three (3) weeks prior to the `day to day' communication sworn to by Marroulis as Masek's account was liquidated without his consent at a time of personal and market crisis."
 {¶ 41} Reviewing the evidence and the pleadings, we find no merit to appellant's arguments. Accepting all of Masek's factual allegations as true, he can prove no set of facts entitling him to relief on his fraud claim against Rapp and Matasar.
 {¶ 42} Assuming Marroulis did, indeed, lie under oath, "[w]hether or not appellant can recover on his allegations of [criminal conduct] is an issue that only involves a question of law. In Ohio, allegations constituting perjury, subornation of perjury and conspiracy to commit perjury, all of which, if proved may be punishable under criminal statutes, are not recognized for public policy reasons as bases for civil lawsuits." *Page 9 Alsenas v. Barberic, 8th Dist. No. 80715, 2002-Ohio-5341, at ¶ 24, citing Reasoner v. State Farm Mut. Auto. Ins. Co., 10th Dist. No. 01AP-490, 2002-Ohio-878, 2002 Ohio App. LEXIS 905, at *10; accordSchmidt v. State Aerial Farm Statistics, Inc. (1978), 62 Ohio App.2d 48,50; Baker v. Orlowsky (1971), 28 Ohio App.2d 188, 189; Kinter v.Kinter (1949), 84 Ohio App. 399, 400; Costell v. Toledo Hospital (Jan. 16, 1987), 6th Dist. No. L-86-196, 1987 Ohio App. LEXIS 5517, at *7;McGuinness v. Smith (Feb. 15, 1995), 2nd Dist. No. 94-CA-52, 1995 Ohio App. LEXIS 560, at *6-*7; Scott v. Schneider (June 17, 1999), 8th Dist. No. 74120, 1999 Ohio App. LEXIS 2792, at *6; Waller v. Foxx (Oct. 6, 1982), 1st Dist. No.C-810568, 1982 Ohio App. LEXIS 12857, at *12. "This ban on civil liability for false statements applies even in cases where the party testifying knew his statements were false." Elling v.Graves (1994), 94 Ohio App.3d 382, 387; Stoll v. Kennedy (1987),38 Ohio App.3d 102, at syllabus.
 {¶ 43} The public policy considerations for testimonial immunity from civil action are mainly to encourage "frank, candid, and, if need be, fearless testimony before the court." Brawley v. Plough (1995),75 Ohio Misc.2d 36, 40 (citation omitted). Such immunity thus "negates any claim for injuries causally linked to false testimony." Id. at 39.
 {¶ 44} Other public policy reasons mentioned by courts include "the need for finality in judgments * * * [the] possibility of multiplicity of suits by parties dissatisfied by the outcome of trials, and * * * lack of precedent for such actions." Cooper v. Parker-Hughey (Okla. 1995), 894 P.2d 1096, 1101. Instead, "[t]he appropriate sanction for perjury is a criminal action pursuant to R.C. 2921.11," rather than a civil action.Hurley v. West Am. Ins. (May 7, 1987), 10th Dist. No. 86AP-345, 1987 Ohio App. LEXIS 6730, at *4 n. 1. Because of the strength and commonality of the public policy considerations *Page 10 
involved, courts have further extended the rule to apply to quasi-judicial proceedings, including private arbitration, due to the fact that they are "functionally equivalent to court proceedings".O'Neill v. St. Luke's Med. Ctr. (Nov. 27, 1996), 8th Dist. No. 70372, 1996 Ohio App. LEXIS 5371, at *15 (citations omitted); see also,Baggott v. Hughes (1973), 34 Ohio Misc. 63, 72 (applying the privilege to hearings before the state bar association).
 {¶ 45} Marroulis is entitled to summary judgment on the fraud claim against him for the same reasons Rapp and Matasar are entitled to a dismissal. It is well-settled that "[s]ummary judgment may be rendered where the pleadings and the arguments of the party seeking summary judgment clearly establish that the nonmoving party has no legally cognizable cause of action." Dresher v. Burt, 75 Ohio St.3d 280,297-298, 1996-Ohio-107 (emphasis sic). Based upon Marroulis' legal arguments alone, the trial court did not err in granting summary judgment.
 {¶ 46} There is yet another reason to reject Masek's fraud claims. "The law of the case doctrine provides that `the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trialand reviewing levels." Akron v. Holland Oil Co., 149 Ohio App.3d 14, 18,2002-Ohio-4150 (emphasis added). On earlier appeal to this court, we affirmed the trial court's grant of summary judgment in favor of Citigroup on the issue of the allegedly false testimony given by Marroulis at the September 10, 2005 arbitration hearing and held that "Masek furnished no basis to the trial court for it to find that fraud had been committed at the arbitration hearing." Citigroup,2007-Ohio-2301, at ¶ 29. Thus, we are bound to accept this court's prior holding on this issue. *Page 11 
 {¶ 47} Based upon the foregoing analysis, Masek's first assignment of error is without merit.
 {¶ 48} In his second assignment of error, Masek argues that the trial court erred to his prejudice by making a statement in its judgment entry that "any actionable claim for perjury before the NASD panel belongs within the proper jurisdiction and venue where the alleged conduct took place." In his third assignment of error, Masek claims the trial court erred in granting Rapp and Matasar's motion to dismiss his Breach of Contract Claim.
 {¶ 49} App.R. 16(A)(7) requires that the brief of an "appellantshall include * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for reviewand the reasons in support of the contentions, with citations to theauthorities, statutes, and parts of the record on which appellantrelies." (Emphasis added).
 {¶ 50} Masek's second and third assignments of error fail to meet this requirement. Accordingly, we need not consider them. See App.R. 12(A)(2); Deer Lake Mobile Park v. Wendel, 11th Dist. No. 2002-G-2438,2003-Ohio-6981, at ¶ 11.
 {¶ 51} Masek's second and third assignments of error are without merit.
 {¶ 52} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs, COLLEEN MARY OTOOLE, J., concurs in judgment only.
[1] Attorneys, Joshua Fowkes and Gregory Phillips are also alleged to have represented Marroulis and/or Citigroup in various capacities during the aforementioned proceedings. Neither Fowkes nor Phillips were ever properly served, and thus, are not parties to this appeal. *Page 1