O’Donnell, J.,
dissenting.
{¶ 78} Respectfully, I dissent.
{¶ 79} R.C. 2307.60 does not create an independent cause of action for damages resulting from a criminal act but merely codifies Ohio common law to the effect that a criminal prosecution does not extinguish a civil cause of action, and therefore only actions that existed at common law or that have been authorized by statute can be commenced to seek damages caused by a criminal act. Because there are no statutes establishing civil causes of action for violations of R.C. 2905.01, 2905.03, and 2905.05, I would answer the certified question in the negative and reverse the judgment of the Ninth District Court of Appeals.
{¶ 80} R.C. 2307.60(A)(1) states:
*418 Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney’s fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.
(Emphasis added.)
{¶ 81} The role of a court of last resort is to resolve conflicts between and among appellate districts and to interpret law as written by the legislature, not to rewrite it or apply its own conceptions of what it would like the law to be. See Article IV, Section 3(B)(4), Ohio Constitution; see also Cablevision of the Midwest, Inc. v. Gross, 70 Ohio St.3d 541, 544, 639 N.E.2d 1154 (1994) (“A court’s role is to interpret, not legislate”).
{¶ 82} In construing a statute, a court must ascertain and give effect to the intent of the legislature. Dircksen v. Greene Cty. Bd. of Revision, 109 Ohio St.3d 470, 2006-Ohio-2990, 849 N.E.2d 20, ¶ 16. “In determining legislative intent, the court first looks to the language of the statute.” Bailey v. Republic Engineered Steels, Inc., 91 Ohio St.3d 38, 40, 741 N.E.2d 121 (2001). If its meaning is unambiguous and definite, it is to be applied as written. Id. When a statute is reasonably susceptible of more than one meaning, however, it is ambiguous and requires judicial interpretation. Id.
{¶ 83} In this case, the parties have presented opposing interpretations of the following phrase in R.C. 2307.60(A)(1): “Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law.” Additionally, the conflict among the appellate courts regarding the meaning of this phrase further suggests that the language is ambiguous. See, e.g., Symmes Twp. Bd. of Trustees v. Smyth, 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000). In accordance with R.C. 1.49, the court may consider, among other factors, the common law or former statutory provisions, legislative history, and the consequences of a particular construction.
Legislative History
{¶ 84} The legislative history and derivation of R.C. 2307.60 are instructive. At common law in Ohio, a civil action did not merge into a criminal prosecution. Story v. Hammond, 4 Ohio 376, 378 (1831).
{¶ 85} The legislature codified the common law in 1877 within the “General Provisions” section of the penal statutes when it enacted Part Fourth, Title I, *419 Chapter 1, Section 10, which stated, “Nothing in Part Fourth [the penal statutes] contained shall be construed to prevent a party injured in person or property, by any criminal act, from recovering full damages.” 74 Ohio Laws 240, 243. Later, this same language was stated in R.S. 6803 in 1880 when the Revised Statutes were compiled, and substantially similar language was stated in G.C. 12379 in 1910 when the General Code was compiled to replace the Revised Statutes, see 1910 S.B. No. 2. G.C. 12379 stated: “Nothing contained in the penal laws shall prevent any one injured in person or property, by a criminal act from recovering full damages, unless specifically excepted by law.”
{¶ 86} In 1953, when the Ohio Revised Code replaced the General Code, see Am.H.B. No. 1, 125 Ohio Laws 7, this provision became R.C. 1.16 and was reworded to state, “Any one injured in person or property by a criminal act may recover full damages in a civil action, unless specifically excepted by law.” This version of the statute was intended to be substantively the same as G.C. 12379. See former R.C. 1.24, 1953 Am.H.B. No. 1, stating that the provisions of the newly adopted Revised Code that corresponded to statutes previously contained in the General Code were to be construed as “restatements” and continuations of the prior law and not as “new enactments.” Therefore, all changes to the language of the statute that became R.C. 1.16 in 1953 were technical adjustments only and did not reflect any intention of the General Assembly to change the meaning of G.C. 12379. See Henry v. Cent. Natl. Bank, 16 Ohio St.2d 16, 22, 242 N.E.2d 342 (1968) (“Both the General Assembly and the Bureau of Code Revision were adamant * * * that there be no new substantive law permitted in the Revised Code at its adoption ” in 1953 [emphasis sic]).
{¶ 87} In Schmidt v. State Aerial Farm Statistics, Inc., 62 Ohio App.2d 48, 403 N.E.2d 1026 (6th Dist.1978), the appellate court dealt with a similar question involving the interpretation of former R.C. 1.16. The court affirmed the trial court’s dismissal of the complaint, which had been filed under former R.C. 1.16, and held that former R.C. 1.16 was “only a codification of the common law in Ohio that a civil action is not merged in a criminal prosecution which arose from the same act or acts.” Id. at 49. See also Peterson v. Scott Constr. Co., 5 Ohio App.3d 203, 204, 451 N.E.2d 1236 (6th Dist.1982).
{¶ 88} In 1985, the General Assembly renumbered R.C. 1.16 as R.C. 2307.60 and amended the statute to read, “Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action * * *.” (Emphasis added.) Am.Sub.H.B. No. 426, 140 Ohio Laws, Part IV, 3783, 3787. This provision later became part of R.C. 2307.60(A)(1) through subsequent amendments of other parts of R.C. 2307.60. See Sub.S.B. No. 107, 149 Ohio Laws. Part I. 1529: Am.Sub.S.B. No. 117, 151 Ohio Laws, Part II, 2274, 2276.
*420 {¶ 89} Several .courts in Ohio have interpreted this statute to continue to be a codification of Ohio’s common law rule that a civil action is not merged into a criminal prosecution arising from the same act or acts. Applegate v. Weadock, 3d Dist. Auglaize No. 2-95-24, 1995 WL 705214, *3 (Nov. 30, 1995); Edwards v. Madison Twp., 10th Dist. Franklin No. 97APE06-819, 1997 WL 746415, *7 (Nov. 25, 1997) (“R.C. 2307.60 (formerly R.C. 1.16) is merely a codification of the common law that a civil action is not merged in a criminal prosecution”); McNichols v. Rennicker, 5th Dist. Tuscarawas No. 2002 AP 04 0026, 2002-Ohio-7215, 2002 WL 31883700, ¶ 17, quoting Schmidt at 49 (R.C. 2307.60 “ ‘is only a codification of the common law in Ohio that a civil action is not merged in a criminal prosecution which arose from the same act or acts’ ”); Groves v. Groves, 10th Dist. Franklin No. 09AP-1107, 2010-Ohio-4515, 2010 WL 3722641, ¶25 (“R.C. 2307.60 is only a codification of the Ohio common law rule that a civil action is not merged in a criminal prosecution for the same acts that form the basis for the civil action”); Jasar Recycling, Inc. v. Major Max Mgt. Corp., N.D.Ohio No. 4:08CV2830, 2010 WL 395212, *7 (Jan. 22, 2010) (“Ohio Revised Code § 2307.60, formerly Ohio Revised Code § 1.16, does not create a separate civil cause of action and merely codifies the common law that a civil action does not merge into a criminal prosecution”). Similarly, the Second District Court of Appeals has held that R.C. 2307.60 is only a jurisdictional statute allowing courts to grant relief to persons injured by criminal acts. Collins v. Natl. City Bank, 2d Dist. Montgomery No. 19884, 2003-Ohio-6893, 2003 WL 22971874, ¶ 46.
{¶ 90} It is presumed that the legislature is aware of prior judicial interpretations of a statute when enacting an amendment. Riffle v. Physicians & Surgeons Ambulance Serv., Inc., 135 Ohio St.3d 357, 2013-Ohio-989, 986 N.E.2d 983, ¶ 19.
{¶ 91} The legislature has amended R.C. 2307.60 eight times since 1985, but never expressed its intent that the statute creates a separate cause of action for a violation of a criminal statute. See Am.Sub.H.B. No. 1, 142 Ohio Laws, Part I, 1661, 1673; Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, 3942; Sub.H.B. No. 547, 147 Ohio Laws, Part II, 4392, 4392-4393; Sub.S.B. No. 108, 149 Ohio Laws, Part I, 382, 429; Sub.S.B. No. 107, 149 Ohio Laws, Part I, at 1529-1530; Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V, 7915, 7951-7952; Am.Sub.S.B. No. 117, 151 Ohio Laws, Part II, at 2276; 2008 Sub.S.B. No. 184.
Statutory Interpretation
{¶ 92} Statutes relating to the same general subject matter are to be read in pari materia in order to determine legislative intent. Sheet Metal Workers’ Internatl. Assn., Local Union No. 33 v. Gene’s Refrig., Heating & Air Conditioning, Inc., 122 Ohio St.3d 248, 2009-Ohio-2747, 910 N.E.2d 444, ¶ 38. “And, in reading such statutes in pari materia, and construing them together, this court
*421 must give such a reasonable construction as to give the proper force and effect to each and all such statutes.” Johnson’s Mkts., Inc. v. New Carlisle Dept. of Health, 58 Ohio St.3d 28, 35, 567 N.E.2d 1018 (1991).
{¶ 93} Consistent with the view that R.C. 2307.60 does not create a separate, independent civil cause of action for violation of a criminal statute, the General Assembly has enacted several statutes in R.C. Chapter 2307 creating civil causes of action for violations of specific criminal statutes. See, e.g., R.C. 2307.44 (“Any person who is subjected to hazing, as defined in division (A) of section 2903.31 of the Revised Code, may commence a civil action for injury or damages, including mental and physical pain and suffering, that result from the hazing”); 2307.50(B) (“if a minor is the victim of a child stealing crime and if, as a result of that crime, the minor’s parents, parent who is the residential parent and legal custodian, parent who is not the residential parent and legal custodian, guardian, or other custodian is deprived of a parental or guardianship interest in the minor, the parents, parent who is the residential parent and legal custodian, parent who is not the residential parent and legal custodian, guardian, or other custodian may maintain a civil action against the offender to recover damages for interference with the parental or guardianship interest”); 2307.51(A) (“A victim of a violation of section 2905.32 [trafficking in persons] of the Revised Code has and may commence a civil cause of action for compensatory and punitive damages against the trafficker for harm that resulted from the violation of section 2905.32 of the Revised Code”); 2307.52(B) (“A woman upon whom an abortion is purposely performed or induced or attempted to be performed or induced in violation of division (A) of section 2919.17 of the Revised Code has and may commence a civil action for compensatory damages, punitive or exemplary damages * * * against the person who purposely performed or induced or attempted to perform or induce the abortion”); 2307.53(B) (“A woman upon whom a partial birth procedure is performed in violation of division (B) or (C) of section 2919.151 of the Revised Code, the father of the child if the child was not conceived by rape, or the parent of the woman if the woman is not eighteen years of age or older at the time of the violation has and may commence a civil action for compensatory damages, punitive or exemplary damages * * * against the person who committed the violation”); 2307.61(A) (“If a property owner brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages from any person who willfully damages the owner’s property or who commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner’s property, the property owner may recover as follows”); 2307.611 (“A person who brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages from any person who caused injury to person or property by a violation of division (B), (D), or (E) of section 2913.49 [identity fraud] of the Revised Code may recover damages”); *422 2307.62(B)(1) (“An owner or operator of a cable service, cable system, cable television system, or other similar closed circuit coaxial cable communications system who is aggrieved by conduct that is prohibited by division (B) of section 2913.04 [unauthorized use of computer, cable, or telecommunication property] or division (A) or (B) of section 2913.041 [possession or sale of unauthorized cable television device] of the Revised Code may elect to commence a civil action for damages in accordance with division (A) of section 2307.60 or section 2307.61 of the Revised Code or to commence a civil action under this section”); 2307.65(A) (“The attorney general may bring a civil action * * * on behalf of the department of medicaid, and the prosecuting attorney of the county in which a violation of division (B) of section 2913.401 [Medicaid eligibility fraud] of the Revised Code occurs may bring a civil action * * * on behalf of the county department of job and family services, against a person who violates division (B) of section 2913.401 of the Revised Code for the recovery of the amount of benefits paid”); 2307.70(A) (“Any person who suffers injury or loss to person or property as a result of an act committed in violation of section 2909.05 [vandalism], 2927.11 [desecration], or 2927.12 [ethnic intimidation] of the Revised Code has a civil action against the offender and may recover in that action full compensatory damages”).
{¶ 94} In Celebrezze v. Hughes, 18 Ohio St.3d 71, 479 N.E.2d 886 (1985), this court recognized the longstanding rule that “ ‘ “the General Assembly is not presumed to do a vain or useless thing, and that when language is inserted in a statute, it is inserted to accomplish some definite purpose.” ’ ” Id. at 74, quoting Brown v. Martinelli, 66 Ohio St.2d 45, 50, 419 N.E.2d 1081 (1981), quoting State ex rel. Cleveland Elec. Illum. Co. v. Euclid, 169 Ohio St. 476, 479, 159 N.E.2d 756 (1959).
{¶ 95} Accordingly, if the position asserted by the majority were correct, i.e., that R.C. 2307.60 creates an independent civil cause of action for damages resulting from a criminal act, then there would be no need for the General Assembly to have specifically statutorily authorized any of the listed causes of action to recover damages resulting from those criminal acts. The fact that it did so suggests that the position being asserted by the majority is not well taken.
{¶ 96} Similarly, common law civil causes of action already exist for false imprisonment, assault, and battery, see Feliciano v. Kreiger, 50 Ohio St.2d 69, 71, 362 N.E.2d 646 (1977); Smith v. John Deere Co., 83 Ohio App.3d 398, 406, 614 N.E.2d 1148 (10th Dist.1993); Love v. Port Clinton, 37 Ohio St.3d 98, 99, 524 N.E.2d 166 (1988), and therefore it is not necessary for the General Assembly to create civil actions for violating unlawful restraint, assault, and battery statutes.
{¶ 97} Further, as pointed out by the dissenting jurist in the appellate court, the Ninth District’s interpretation of R.C. 2307.60 also conflicts with the process established by the legislature for wrongful death claims. 2015-Ohio-2624, 39 *423 N.E.3d 799, ¶ 37 (Carr, P.J., concurring in part and dissenting in part). R.C. 2125.02 provides that “a civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent.” To interpret R.C. 2307.60 as independently authorizing a separate cause of action for damages caused by criminal acts would allow a decedent’s beneficiaries to each file a cause of action against a wrongdoer independently from the statutorily authorized wrongful death claim. This too is wholly inconsistent with legislative intent.
{¶ 98} Because the General Assembly has created separate statutory causes of action to seek damages caused by specific criminal acts, those persons seeking recovery are limited to filing actions pursuant to common law or the specific causes of action created by the legislature.
Conflict Cases
{¶ 99} The way the majority answers the certified question is in conflict with decisions from the Third, Fifth, and Tenth District Courts of Appeals, which have correctly concluded that R.C. 2307.60 does not create a separate cause of action and that a separate cause of action must be available to bring a civil claim based upon a criminal act. Applegate, 1995 WL 705214 at *3 (“R.C. 2307.60 does not create a separate cause of action. A separate cause of action must be available before this section is invoked”); Edwards, 1997 WL 746415 at *7 (“R.C. 2307.60 does not create a separate cause of action. * * * Hence, a separate cause of action must be available before this section is invoked”); McNichols, 2002-Ohio-7215, 2002 WL 31883700, at ¶ 17 (“Revised Code 2307.60 does not create a cause of action. * * * [A] separate civil cause of action must be available to bring a civil claim based upon a criminal act”); Groves, 2010-Ohio-4515, 2010 WL 3722641, at ¶ 25 (“R.C. 2307.60 does not create a cause of action. * * * A party must rely on a separate civil cause of action, existent either in the common law or through statute, to bring a civil claim based on a criminal act”).
Conclusion
{¶ 100} In this case, the court of appeals improperly reversed the trial court’s judgment that had granted motions to dismiss filed by Ellen C. Kaforey, Akron Children’s Hospital, and Cleveland Clinic Children’s Hospital for Rehabilitation because R.C. 2307.60 does not independently authorize a civil cause of action and there are no statutes establishing civil causes of action for violations of R.C. 2905.01, 2905.03, and 2905.05.
{¶ 101} For these reasons, I would answer the certified question in the negative, reverse the judgment of the Ninth District Court of Appeals, follow the *424 analysis of the Third, Fifth, and Tenth District Courts of Appeals, and reinstate the judgment of the trial court.
The Chandra Law Firm, L.L.C., Subodh Chandra, Donald Screen, Ashlie Case Sletvold, and Sandhya Gupta, for appellee.
Janik, L.L.P., Steven G. Janik, and Audrey K. Bentz, for appellant Ellen Kaforey.
Hanna, Campbell & Powell, L.L.P., Gregory T. Rossi, Douglas G. Leak, and Carol N. Tran, for appellant Akron Children’s Hospital.
Bonezzi, Switzer, Polito & Hupp Co., L.P.A., Bret C. Perry, and Brian F. Lange, for appellant Cleveland Clinic Children’s Hospital for Rehabilitation.